[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16082
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60139-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE PEREZ-ZUNIGA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 12, 2012)

Before TJOFLAT, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Perez-Zuniga appeals his 60-month sentence, imposed above the applicable

guideline range, after he pled guilty to illegal reentry.  On appeal, he argues that: (1) his sentence is substantively unreasonable; and (2) the district court erred by failing to notify him of its intent to impose a sentence above the guideline range. For the reasons set forth below, we affirm Perez-Zuniga's sentence.

I.

Perez-Zuniga pled guilty to illegal reentry, in violation 18 U.S.C. § 1326(a) and (b)(2).  According to the presentence investigation report ("PSI"), Perez-Zuniga, who is a citizen of Honduras, illegally reentered the United States on March 4, 2011, after having been previously removed on three separate occasions. The probation officer assigned Perez-Zuniga a base offense level of eight, pursuant to U.S.S.G. § 2L1.2.  After a four-level increase, under § 2L1.2(b)(1)(D), based on his prior felony conviction, and a two-level reduction for acceptance of responsibility, under § 3E1.1(a), his total offense level was ten.

As to his criminal history, Perez-Zuniga received six criminal history points based on prior convictions for offenses, including: (1) attempting to purchase cocaine; (2) trespassing on property after a warning (six separate convictions); (3) shoplifting; and (4) illegal reentry.  Further, Perez-Zuniga received two additional criminal history points, under U.S.S.G. § 4A1.1(d), because he committed the instant illegal reentry offense while serving a one-year term of

2

supervised release.  In total, Perez-Zuniga received eight criminal history points, and his criminal history category was IV.

Perez-Zuniga also had several charges for which he had not been convicted. Based on an offense level of 10 and a criminal history category of IV, Perez-Zuniga's guideline range was 15 to 21 months' imprisonment.  The statutory maximum term of imprisonment was 20 years (240 months).

At the sentencing hearing, the court found that Perez-Zuniga was a candidate for "an upward variance" based on his criminal history.  Specifically, the court stated, "[h]e doesn't seem to get the point that he is not welcome[] in this country, [and] when he has been in this country, he hasn't been a law-abiding illegal alien."  The court noted his prior conviction for attempting to purchase cocaine and his numerous trespassing convictions, which were all committed between the ages of 26 and 28, and further, the court noted that it did not appear that Perez-Zuniga would serve any "jail time" for those offenses.  Additionally, the court referenced his prior shoplifting and illegal reentry convictions, as well as the other criminal conduct for which he was not convicted, including aggravated battery, trespassing, and possession of burglary tools.

In discussing the § 3553 factors, the court explained its reasons for Perez-Zuniga's sentence by stating:

3

So it's not as if he hasn't been warned.  It's not as if he hasn't been given a break. I don't know what else to do but to go above the guideline sentence in this case in order to satisfy the [§] 3553(a) factors, including considering the nature and circumstances of the instant offense.  He's a repeat offender.

History and characteristics of the defendant: He's demonstrated that he's worked himself up to a [c]ategory [IV] at a relatively young age.

To promote respect for the law: He obviously does not respect the law as demonstrated by his repeated criminal behavior.  To deter him: I have no confidence that a sentence within the guideline range would be sufficient to deter [Perez-Zuniga] from just turning around and coming back to the United States.

Further, the court noted that it had considered the statements of all the parties, the PSI, which contains the advisory guidelines, and the statutory factors.  Ultimately, the court imposed a 60-month sentence.  Perez-Zuniga objected to the "procedure and [] reasonableness" of the sentence.

## II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  Under the abuse of discretion standard, the sentence will be affirmed unless the district court made a clear error of judgment.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011).  "We will not second guess the weight (or lack thereof)" that the

4

district court accorded to a given § 3553(a) sentencing factor as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented. *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (quotation omitted), *cert. denied*, 131 S.Ct. 2962 (2011). The party challenging a sentence bears the burden of establishing that it is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

We review the substantive reasonableness of a sentence in light of the record and the § 3553(a) factors. *Id.* Under § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's crimes. 18 U.S.C. § 3553(a)(2). Other factors to be considered in imposing the sentence include the nature and circumstances of the offense, the history and characteristics of the defendant, the available sentences, the Guidelines' policy and applicable range, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

While the district court must consider these factors in imposing the sentence, it is not required to discuss each factor. *Talley*, 431 F.3d at 786. "A

5

district court's unjustified reliance on a single § 3553(a) factor may be a 'symptom' of an unreasonable sentence." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).  However, it is within the district court's discretion to determine how much weight to give to each § 3553(a) factor, and where the court has explained why it "attached great weight to one factor," we have held the sentence to be reasonable.  *Id.* at 1322-23.  Further, the district court may consider facts that already have been taken into account in calculating the defendant's guideline range.  *See id.* at 1324 (holding that the district court could consider the defendant's prior offenses in deciding to impose an upward variance, even though those offenses already were included in the defendant's criminal history score); *see also* 18 U.S.C. § 3661 ("No limitations shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").  Finally, the reasonableness of a sentence may be indicated when the sentence imposed is well below the statutory maximum sentence.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Perez-Zuniga's sentence was substantively reasonable in light of the record and the § 3553(a) factors.  His 60-month sentence was well below the 240-month

6

statutory maximum sentence, indicating that it was a reasonable sentence. *See Gonzalez*, 550 F.3d at 1324. The sentence, moreover, met the goals encompassed within § 3553(a). Specifically, as the sentencing court discussed, Perez-Zuniga had several prior criminal convictions, and he had been charged with several other criminal offenses, most of which occurred during his mid to late twenties. Further, Perez-Zuniga's criminal history included convictions for attempting to purchase cocaine and shoplifting, as well as numerous trespassing convictions, and he had also been charged with other criminal offenses, such as drug possession and aggravated battery, that did not result in convictions. Although the guideline calculations had already accounted for several of Perez-Zuniga's prior convictions, the district court was still permitted to consider his criminal history in determining an appropriate sentence. *See Williams*, 526 F.3d at 1324.

Moreover, contrary to Perez-Zuniga's argument on appeal, the district court did not base its sentencing decision solely on his criminal history. Specifically, as to the nature and circumstances of the offense, the court noted that Perez-Zuniga was a "repeat offender," as this was not his first illegal reentry offense. Further, as to his personal history and characteristics, the court noted that he had obtained a criminal history category IV at a relatively young age. The court also emphasized that, due to his "repeated criminal behavior," an above-guideline sentence was

7

necessary to promote respect for the law and provide an adequate deterrence. The record showed that Perez-Zuniga illegally reentered the United States while he was already serving a term of supervised release, and after he had been removed on three prior occasions. These circumstances support the district court's finding that he had shown a lack of respect for the law and that an upward variance from the guideline range was necessary to provide an adequate deterrence. Based on the above, Perez-Zuniga's sentence was reasonable, and we will not re-weigh the § 3553(a) factors. *See Snipes*, 611 F.3d at 872.

### III.

When a defendant raises a sentencing challenge for the first time on appeal, we review only for plain error. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). To prevail under a plain-error standard, the appellant must show (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

If the defendant's criminal history category substantially under-represents the seriousness of his criminal history or the likelihood that he will commit other crimes, an upward departure may be warranted. U.S.S.G. § 4A1.3(a)(1). Under Federal Rule of Criminal Procedure 32(h),

8

Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the [PSI] or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

However, where the sentencing court determines that the applicable guidelines range does not adequately address the § 3553(a) factors, it may impose a reasonable sentence outside the guidelines range. *United States v. Irizarry*, 458 F.3d 1208, 1211-12 (11th Cir. 2006). A district court need not notify the parties in advance of sentencing regarding its intent to impose such a variance because the "parties are inherently on notice that the sentencing guidelines range is advisory and that the district court must consider the factors expressly set out in [§] 3553(a) when selecting a reasonable sentence between the statutory minimum and maximum." *Id*. at 1212 (noting that a variance is based on the "court's consideration of the [§] 3553(a) factors").

Because Perez-Zuniga did not argue before the district court that it was required to notify him, prior to sentencing, of its intent to impose a sentence above the advisory guideline range, we review only for plain error. *See Aguillard*, 217 F.3d at 1320. The district court did not plainly err in failing to provide notice to Perez-Zuniga of its intent to impose a sentence above the applicable guideline range. First, although the court relied, in part, on Perez-Zuniga's criminal history,

9

it explicitly stated that it was imposing an "upward variance." Second, the court did not reference either § 4A1.3, which allows for a departure, or Rule 32, which contains the notice requirements for imposition of departures. Third, the reasons given by the court for its deviation from the guideline range all referred to § 3553(a) factors—namely, the nature and circumstances of the offense, Perez-Zuniga's history and characteristics, and the need to promote respect for the law and to provide an adequate deterrence. At no point did the court state that its sentence was based on a belief that Perez-Zuniga's criminal history category underrepresented his criminal history or the likelihood that he will commit other crimes. Thus, the court imposed a variance, not a departure, and it was not required to provide advance notice under Rule 32(h). *See Irizarry*, 458 F.3d at 1211-12.

For the foregoing reasons, we affirm Perez-Zuniga's sentence.

**AFFIRMED.**